■ In the Matter of the Claim of JOSEPHINE MINUTELLO, Respondent, v. M. STORELLI & Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. Appeal by an employer and carrier from decisions of the Workmen's Compensation Board and an award of death benefits to a widow and a dependent infant child, appellants' brief limiting the issues to the question whether substantial evidence supports the board's findings that deceased contracted in employment an occupational disease, pneumoconiosis, within the purview of section 3 (subd. 2, par. 28) of the Workmen's Compensation Law and that his death was due to that malady. For 10 of the years between 1940 and 1954 decedent was employed in the dusty atmosphere of the employer's premises in sorting, preparatory to baling, the clippings of silk, wool and cotton fabrics collected from firms engaged in the garment manufacturing industry from large quantities of miscellaneous rubbish which accompanied them. In 1954 decedent became self-employed in a business which entailed the collection of trash but required neither sorting nor baling. On March 23, 1956 he was admitted to a hospital for hemoptysis. His death ensued a week later. Diagnoses made during his stay included, among others, pneumoconiosis. Appellants do not dispute the board's finding of the presence of dust in the atmosphere where deceased was employed, their essential contention being that such was of innocuous composition and not of silicotic or other toxic content and that decedent's exposure thus cannot be viewed as falling within the "other harmful dust" category of the statute. There was medical opinion evidence of physicians associated with the hospital in which he was confined during his last illness that decedent's exposure to the inhalation of the dust, particularly that of cotton fiber origin, produced the pneumoconiosis and that the disease contributed to his demise. Medical consultants for the carrier and an impartial specialist expressed the view that there was no indication of the existence of pneumoconiosis and that the death was caused by active rheumatic heart disease. The issues of occupational disease and causation presented questions of fact and credibility which the board in the exercise of its fact-finding power has resolved in favor of claimant. Since we find substantial evidence in the record supportive of its choice of one of two sharply conflicting medical points of view, we have no alternative but to affirm. (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529.) Decisions affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.